

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEALED FELONY**

INDICTMENT FOR CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD, CONSPIRACY TO COMMIT WITNESS TAMPERING THROUGH MURDER, CONSPIRACY TO RETALIATE AGAINST A WITNESS THROUGH MURDER, WITNESS TAMPERING THROUGH MURDER, AND RETALIATION AGAINST A WITNESS THROUGH MURDER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-00105 |
| v. | * | SECTION: SECT.DMAG.1 |
| RYAN J. HARRIS a/k/a "Red" | * | VIOLATIONS: 18 U.S.C. § 1341 |
| JOVANNA R. GARDNER | * | 18 U.S.C. § 1343 |
| | | 18 U.S.C. § 1349 |
| | * | 18 U.S.C. § 1512 |
| | | 18 U.S.C. § 1513 |
| | | 18 U.S.C. § 2 |

The Grand Jury charges that:

## COUNT 1
(Conspiracy to Commit Mail and Wire Fraud)

A. **AT ALL TIMES MATERIAL HEREIN**:

1. Defendants **RYAN J. HARRIS, a/k/a "Red," and JOVANNA R. GARDNER** resided in the New Orleans metropolitan area.

Fee AUSA
Process
X Dktd
CtRmDep
Doc.No.

2.Cornelius Garrison, a/k/a "Poonie," a/k/a "Slim," was also a resident of the New Orleans metropolitan area. In or around October 2019, Garrison began covertly cooperating with the federal government concerning staged automobile collisions.

3.On or about September 18, 2020, Garrison was charged in an indictment in the Eastern District of Louisiana with conspiracy to commit mail fraud and other offenses related to the staged collisions.

4.On or about September 22, 2020, Garrison was killed in New Orleans.

**B.CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD:**

Beginning at a time unknown, but as early as approximately March 4, 2015, and continuing to the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **RYAN J. HARRIS, a/k/a "Red," JOVANNA R. GARDNER**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree:

a.to devise a scheme and artifice to defraud and to obtain money and property from insurance companies and commercial vehicle companies by means of materially false and fraudulent pretenses, representations, and promises, and cause mail matter to be delivered by the United States Postal Service and commercial interstate carriers for the purpose of executing or attempting to execute the scheme to defraud, in violation of Title 18, United States Code, Section 1341; and

b.to devise a scheme and artifice to defraud and to obtain money and property from insurance companies and commercial vehicle companies by means of materially false and fraudulent pretenses, representations, and promises, and cause signals and sounds to be transmitted by means of wire communication in interstate

commerce for the purpose of executing or attempting to execute the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

C. **MANNER AND MEANS:**

1. It was part of the conspiracy that **HARRIS**, **GARDNER**, Garrison, and others participated in a scheme in which they caused staged automobile collisions with other vehicles in the New Orleans metropolitan area.

2. The scheme included individuals who rode in automobiles as passengers knowing they would be part of staged collisions. Those individuals later lied as part of fraudulent insurance claims and fraudulent lawsuits based on the staged collisions. **GARDNER** was a passenger in a staged collision.

3. Additionally, the scheme included individuals who drove automobiles and intentionally collided with 18-wheeler tractor-trailers and other commercial vehicles in order to stage collisions ("slammers"). After the staged collisions, the slammers would flee the scene and a passenger would falsely claim to have been driving at the time of the collision. **HARRIS** was a slammer. **HARRIS** also recruited and conspired with others to participate in staged collisions.

4. Additionally, the scheme included individuals who drove getaway cars that allowed the slammers to flee the scene after causing a collision and evade detection by law enforcement ("spotters"). The spotters would sometimes also pretend to be eyewitnesses who would flag down the commercial vehicles after the staged collisions and allege that the commercial vehicles were at fault.

5. Additionally, the scheme included individuals such as attorneys and others associated with the attorneys who pursued fraudulent claims and fraudulent lawsuits knowing they were based on staged collisions.

6. Garrison worked with **HARRIS** as a slammer and spotter. Similar to **HARRIS**, Garrison recruited others to participate in staged collisions. Both **HARRIS** and Garrison caused or attempted to cause passengers in the staged collisions to use the services of attorneys who were part of the scheme.

7. Between approximately March 4, 2015, and the date of this Indictment, **HARRIS**, **GARDNER**, Garrison, and others known and unknown to the Grand Jury, caused multiple staged collisions with the purpose of later filing fraudulent insurance claims and fraudulent lawsuits based on the staged collisions. The scheme involved the use of the mail and the use of interstate wires, including through the filing of fraudulent insurance claims and fraudulent lawsuits.

8. On or about September 22, 2020, **HARRIS** and **GARDNER** murdered, and aided and abetted the murder of, Garrison as part of a scheme to prevent Garrison from cooperating with the federal government and exposing the scheme to stage collisions.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
(Conspiracy to Commit Witness Tampering Through Murder)

**A.    AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Count One of this Indictment are hereby realleged and incorporated herein by reference.

**B.    THE CONSPIRACY:**

Beginning at a time unknown, and continuing until at least September 22, 2020, in the Eastern District of Louisiana and elsewhere, the defendants, **RYAN J. HARRIS, a/k/a "Red," JOVANNA R. GARDNER**, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to kill Cornelius Garrison, with the

intent to prevent communications by Garrison to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 1512(a)(3)(A).

C. **OVERT ACT:**

In furtherance of the conspiracy and to accomplish its purposes the defendants committed the following overt act: the defendants caused Cornelius Garrison to be shot multiple times and killed.

All in violation of Title 18, United States Code, Section 1512(k).

### COUNT 3
(Witness Tampering Through Murder)

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Count One of this Indictment are hereby realleged and incorporated herein by reference.

B. **THE OFFENSE:**

On or about September 22, 2020, in the Eastern District of Louisiana, the defendants, **RYAN J. HARRIS, a/k/a "Red,"** and **JOVANNA R. GARDNER** did kill, and aid and abet the killing of, Cornelius Garrison, such killing constituting first-degree murder under Title 18, United States Code, Section 1111(a), with the intent to prevent communications by Garrison to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A), and 2.

## COUNT 4
(Conspiracy to Retaliate Against a Witness Through Murder)

A.  **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Count One of this Indictment are hereby realleged and incorporated herein by reference.

B.  **THE CONSPIRACY:**

Beginning at a time unknown, and continuing until at least September 22, 2020, in the Eastern District of Louisiana and elsewhere, the defendants, **RYAN J. HARRIS, a/k/a "Red," JOVANNA R. GARDNER**, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to kill Cornelius Garrison with the intent to retaliate against Garrison for providing to a law enforcement officer information relating to the commission of a federal offense, in violation of Title 18, United States Code, Sections 1513(a)(1)(B) and 1513(a)(2)(A).

C.  **OVERT ACT:**

In furtherance of the conspiracy and to accomplish its purposes the defendants committed the following overt act: the defendants caused Cornelius Garrison to be shot multiple times and killed.

All in violation of Title 18, United States Code, Section 1513(f).

## COUNT 5
(Retaliation Against a Witness Through Murder)

A.  **AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Count One of this Indictment are hereby realleged and incorporated herein by reference.

**B.    THE OFFENSE:**

On or about September 22, 2020, in the Eastern District of Louisiana, the defendants, **RYAN J. HARRIS, a/k/a "Red,"** and **JOVANNA R. GARDNER** did kill, and aid and abet the killing of, Cornelius Garrison, such killing constituting first-degree murder under Title 18, United States Code, Section 1111(a), with the intent to retaliate against Garrison for providing to a law enforcement officer information relating to the commission of a federal offense, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2.

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 5 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 5, the defendants, **RYAN J. HARRIS, a/k/a "Red,"** and **JOVANNA R. GARDNER**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses.

3. If any of the above-described property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendants up to the value of said property.



MICHAEL M. SIMPSON
Attorney for the United States
Acting Under Authority Conferred
By 28 U.S.C. § 515

MATTHEW R. PAYNE
Assistant United States Attorney

BRIAN M. KLEBBA
Assistant United States Attorney

J. RYAN McLAREN
Assistant United States Attorney

J. BENJAMIN MYERS
Assistant United States Attorney

New Orleans, Louisiana
May 3, 2024

FORM OBD-34
No.

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

THE UNITED STATES OF AMERICA

vs.

RYAN J. HARRIS, a/k/a/ "Red"
JOVANNA R. GARDNER

## INDICTMENT

FOR CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD, CONSPIRACY TO COMMIT WITNESS TAMPERING THROUGH MURDER, CONSPIRACY TO RETALIATE AGAINST A WITNESS THROUGH MURDER, WITNESS TAMPERING THROUGH MURDER, AND RETALIATION AGAINST A WITNESS THROUGH MURDER

### VIOLATIONS:

18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1349
18 U.S.C. § 1512(a)(1)(C)
18 U.S.C. § 1512(a)(3)(A)
18 U.S.C. § 1512(k)
18 U.S.C. § 1513(a)(1)(B)
18 U.S.C. § 1513(a)(2)(A)
18 U.S.C. § 1513(f)
18 U.S.C. § 2

Filed in open court this _____ day of _____ A.D. 2024.

_____ Clerk

Bail, $ _____

Matthew R. Payne
Assistant United States Attorney