UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| v. | * | SECTION: "D"(1) |
| RYAN J. HARRIS | * | |

* * *

**MOTION TO CONTINUE
THE PRE-TRIAL CONFERENCE AND TRIAL**

**NOW COMES** the United States of America, through its undersigned attorneys, who respectfully moves this Honorable Court to continue the pre-trial conference and trial in this matter. The pretrial conference is presently scheduled for October 2, 2024, and trial is set for October 21, 2024. This is the second request for a continuance filed in this case. In support of this motion, the undersigned counsel for the government states as follows:

I.

On May 3, 2024, a federal grand jury returned an indictment charging Ryan J. Harris and Jovanna R. Gardner with the following five counts: conspiracy to commit mail and wire fraud, conspiracy to commit witness tampering through murder, witness tampering through murder, conspiracy to retaliate against a witness through murder, and retaliation against a witness through murder. Rec. Doc. 1. The defendants were both arrested on May 6, 2024, and made their initial appearances the same day. *See* Rec. Docs. 10 & 13. Both defendants were ordered detained pending trial. *See* Rec. Docs. 26 & 34.

On June 18, 2024, Gardner pleaded guilty to a superseding bill of information. *See* Rec. Doc. 46. Accordingly, Harris is the only pending defendant at this time.

## II.

The Speedy Trial Act provides that any period of delay resulting from a continuance granted by a judge at the request of the defendant or his counsel, or at the request of the attorney for the government shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted the continuance on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Title 18, United States Code, Section 3161(h)(7)(B) sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor, Title 18, United States Code, Section 3161(h)(7)(B)(i), is whether the failure to grant a request for continuance would result in a miscarriage of justice. Additionally, under Title 18, United States Code, Section 3161(h)(7)(B)(iv), this Court should grant a continuance in order to permit the defense and the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

## III.

The instant case concerns financial fraud as well as allegations relating to the murder of a federal witness. Discovery involves voluminous records, particularly various bank account documents, insurance claims, and other financial records. To facilitate discovery, the Court has issued a protective order at the parties' request, *see* Rec. Doc. 38. Since the last continuance, the government has made additional discovery productions. The government anticipates further discovery to be made in this matter prior to trial. Therefore, additional time is needed for the government to produce further discovery and for the defense to review all discovery and investigate any possible defenses. Moreover, the government submits that additional time is

necessary to seek any potential resolutions of this matter prior to trial. Failure to grant a continuance could result in a miscarriage of justice and lead to allegations of "ineffective assistance of counsel" in post-conviction proceedings.

### IV.

Based on the above-stated facts, the government submits that the best interest of justice would be served by the continuance of this trial and that the interests so served would outweigh the interests of the defendants and the public in a speedy trial. The government submits that a continuance of the trial date for at least an additional 120 days would be appropriate.

### V.

Counsel for Harris has been contacted, and there is no objection to this motion.

**WHEREFORE**, the United States of America respectfully requests that the pre-trial conference and trial in the above-captioned matter each be continued for at least an additional 120 days.

Respectfully submitted,

MICHAEL M. SIMPSON
Attorney for the United States
Acting Under Authority Conferred
By 28 U.S.C. § 515

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 19, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ *Matthew R. Payne*
                                        MATTHEW R. PAYNE
                                        Assistant United States Attorney