UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **RYAN J. HARRIS** | * | |
| **SEAN D. ALFORTISH** | | |
| **LEON M. PARKER** | * | |

\* \* \*

**MOTION TO CONTINUE**
**THE PRE-TRIAL CONFERENCE AND TRIAL**

**NOW COMES** the United States of America, through its undersigned attorneys, who respectfully moves this Honorable Court to continue the pre-trial conference and trial in this matter for defendants Ryan J. Harris, Sean D. Alfortish, and Leon M. Parker. The pretrial conference for these defendants is presently scheduled for January 7, 2025, and trial is set for January 27, 2025. This is the third request for a continuance filed in this case. In support of this motion, the undersigned counsel for the government states as follows:

**I.**

On May 3, 2024, a federal grand jury returned an indictment charging Ryan J. Harris and Jovanna R. Gardner with the following five counts: conspiracy to commit mail and wire fraud, conspiracy to commit witness tampering through murder, witness tampering through murder, conspiracy to retaliate against a witness through murder, and retaliation against a witness through murder. Rec. Doc. 1. The defendants were both arrested on May 6, 2024, and made their initial appearances the same day. *See* Rec. Docs. 10 & 13. Both defendants were ordered detained pending trial. *See* Rec. Docs. 26 & 34. On June 18, 2024, Gardner pleaded guilty to a superseding bill of information. *See* Rec. Doc. 46.

On December 6, 2024, the grand jury returned a superseding indictment charging Harris along with Sean D. Alfortish, Vanessa Motta, Motta Law, LLC, Jason F. Giles, The King Firm, LLC, Leon M. Parker, Diaminike F. Stalbert, Carl G. Morgan, and Timara N. Lawrence. *See* Rec. Doc. 78. The superseding indictment charged all defendants with conspiracy to commit mail and wire fraud. Alfortish, Motta, and Motta Law also were charged with obstruction of justice and witness tampering. Giles and The King Firm were also charged with mail fraud, obstruction of justice, and witness tampering. Stalbert was also charged with false statements to federal agents. Harris was also charged with witness tampering through murder, retaliation against a witness through murder, and causing death through the use of a firearm.

On December 9, 2024, Alfortish and Parker appeared for their initial appearances. Parker was subsequently ordered detained pending trial. Harris remains detained pending trial. The government also moved for Alfortish to be detained, and Alfortish requested that his detention hearing be continued to January 8, 2025. Their pretrial conference and trial dates were set for the same dates as Harris's: pretrial conference on January 7, 2025, and trial on January 27, 2025.

Defendants Motta, Motta Law, Giles, The King Firm, Stalbert, Morgan, and Lawrence made their initial appearance on January 6, 2025. Their pretrial conference was set for February 28, 2025, at 10:00 a.m., with a trial date set for March 17, 2025, at 9:00 a.m. Motta, Giles, Stalbert, Morgan, and Lawrence were subsequently released on bond.

## II.

The Speedy Trial Act provides that any period of delay resulting from a continuance granted by a judge at the request of the defendant or his counsel, or at the request of the attorney for the government shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted the continuance on the basis of findings that the ends of

2

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Title 18, United States Code, Section 3161(h)(7)(B) sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor, Title 18, United States Code, Section 3161(h)(7)(B)(i), is whether the failure to grant a request for continuance would result in a miscarriage of justice. Additionally, under Title 18, United States Code, Section 3161(h)(7)(B)(iv), this Court should grant a continuance in order to permit the defense and the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Furthermore, a "reasonable period of delay" shall be excluded in computing the time within which the trial must commence "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *See* 18 U.S.C. § 3161(h)(6).

### III.

The instant case concerns financial fraud as well as allegations relating to the murder of a federal witness. Discovery involves voluminous records, particularly various bank account documents, insurance claims, and other financial records. To facilitate discovery, the Court has issued a protective order at the parties' request, *see* Rec. Doc. 38.

Since the last continuance, the grand jury has returned a superseding indictment that charged an additional nine defendants. The government must provide discovery to each of these defendants. Furthermore, in light of the additional charges in the superseding indictment, the government will be providing discovery regarding these new charges.

Accordingly, additional time is needed for the government to produce further discovery and for the defense to review all discovery and investigate any possible defenses. Moreover, the government submits that additional time is necessary to seek any potential resolutions of this matter prior to trial. Failure to grant a continuance could result in a miscarriage of justice and lead to allegations of "ineffective assistance of counsel" in post-conviction proceedings.

Finally, Harris, Alfortish, and Parker are set for trial on January 27, 2025, while the remaining defendants are set for trial on March 17, 2025. A delay of approximately 45 days is a reasonable one in order to join all defendants for trial where no motion for severance has been granted.

**IV.**

Based on the above-stated facts, the government submits that the best interest of justice would be served by the continuance of this trial and that the interests so served would outweigh the interests of the defendants and the public in a speedy trial. Furthermore, this continuance will set Harris, Alfortish, and Parker for trial on the same date as their codefendants. Accordingly, a continuance of the trial date to March 17, 2025, is appropriate.

**V.**

Counsel for Harris, Alfortish, and Parker have been contacted regarding their position on the government's motion. They have no objection to this motion.

**WHEREFORE**, the United States of America respectfully requests that the pre-trial conference be continued to February 28, 2025, and that the trial be continued to March 17, 2025, for defendants Ryan J. Harris, Sean D. Alfortish, and Leon M. Parker.

        Respectfully submitted,

        MICHAEL M. SIMPSON
        Attorney for the United States
        Acting Under Authority Conferred
        By 28 U.S.C. § 515

        /s/ *Matthew R. Payne*
        MATTHEW R. PAYNE
        BRIAN M. KLEBBA
        MARY KATHERINE KAUFMAN
        Assistant United States Attorneys
        J. RYAN McLAREN
        Trial Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ *Matthew R. Payne*
        MATTHEW R. PAYNE
        Assistant United States Attorney